# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| **BIANCA HOLIFIELD,** *individually and on behalf of all wrongful death beneficiaries of Kimberly Spivey-Ickom, deceased*, <br><br> *Plaintiff*, <br><br> v. <br><br> **SIGNATURE INSURANCE AGENCY; SOUTHERN CROSS UNDERWRITERS** *d/b/a SCU d/b/a CRC Insurance Services, Inc.;* **PROGRESSIVE GULF INSURANCE COMPANY; JOHN DOE PERSON(S) 1-5; SOUTHERN CROSS UNDERWRITERS, INC.; JOHN DOE CORPORATION(S) 1-5; and JOHN DOE ENTITY(IES) 1-5,** <br><br> *Defendants*. | CAUSE NO. 3:24-CV-87-CWR-ASH |

## ORDER

This is the second time this dispute has been before this Court on a motion to remand. Familiarity with the earlier matter is presumed. *See Holifield v. Signature Ins. Agency*, No. 3:23-CV-494-CWR-LGI, 2023 WL 6294193 (S.D. Miss. Sept. 27, 2023).[1]

---

[1] The first time, removing party CRC Insurance Services, LLC "failed to establish its citizenship with the required specificity." 2023 WL 6294193 at *2. Although it was an LLC required to "trace its citizenship down the various organizational layers and show specifically the citizenship of [its] members," it hadn't done so. *Id.* Remand was required.

A party usually cannot remove a case a second time. *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996). But in their second bite at the apple, the defendants got co-defendant Progressive Gulf Insurance Company to file the notice of removal. Progressive sent discovery requests asking CRC to identify the citizenship of its members. When Progressive received the responses, it claimed it had a new paper or pleading upon which complete diversity could be determined. So it (rather than CRC) removed the matter.

The plaintiff argues that the citizenship details are still insufficient. As far as this Court can tell, though, CRC's discovery responses did, in fact, "specifically allege the citizenship of every member of

In this case, the motions pending before the Court are the plaintiff's motion to remand, CRC Insurance Services, LLC's motion to dismiss, and Progressive Gulf Insurance Company's motion to strike. Docket Nos. 4, 5, and 10. The motions are addressed in order of their jurisdictional importance.

*Motion to Remand*

The plaintiff argues that complete diversity is lacking because Southern Cross Underwriters and Signature Insurance Agency are citizens of Mississippi. She then contends that the amount in controversy is not established because this is a declaratory action about insurance coverage, not the actual wrongful death case ongoing in state court. She claims the value of this suit is beneath $75,000.

The Court respectfully disagrees with each of these arguments.

The record evidence indicates that Southern Cross Underwriters is the former name of a company that, before this action was filed, merged into what is now CRC Insurance Services, LLC. Docket No. 1-5. The evidence also indicates that no member of CRC Insurance Services is a citizen of Mississippi. Docket No. 1-4. So the entity formerly known as Southern Cross Underwriters satisfies the rule of complete diversity.

That brings us to Signature Insurance Agency. The plaintiff says Signature is properly joined because she can state a claim against it. Progressive responds that Signature is improperly joined because it's an insurance agent rather than an insurer.[2] The usual legal standard applies. *See McDonal v. Abbott Lab'ys*, 408 F.3d 177, 183 (5th Cir. 2005).

---

every LLC." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (quotation marks and citation omitted).

[2] It is not clear why Signature is leaning on Progressive to make its case. Signature has an attorney who appeared in the state-court action. Why that attorney is now absent is a mystery. But that curiosity is not

2

The Court does not see that the plaintiff has stated a viable claim against Signature. Signature apparently helped the insured secure the policy. And it is true that in Mississippi, insurance agents can sometimes face tort liability for inadequate procurement. This is solely a declaratory action, though. In it, the plaintiff seeks a ruling on the contractual obligations owed to her under an existing policy. Perhaps more importantly, in this action the plaintiff does *not* seek a money judgment for an agent's inadequate procurement of insurance coverage. Dismissal of Signature is therefore appropriate. *See Thomas v. Allstate Vehicle & Prop. Ins. Co.*, No. 1:17-CV-64-LG-RHW, 2017 WL 2174961, at *2 (S.D. Miss. May 17, 2017).

The plaintiff's last argument for remand concerns the amount in controversy. In this circuit, "in declaratory judgment cases that involve the applicability of an insurance policy to a particular occurrence, the jurisdictional amount in controversy is measured by the value of the underlying claim—not the face amount of the policy." *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002) (quoting Wright & Miller). Applied here, that means the value of this declaratory action is the wrongful death damages. A review of the underlying wrongful death complaint satisfies this Court that the amount in controversy exceeds $75,000. *Compare* Docket No. 1-3 at 5-6 (listing damages sought in underlying complaint) *with Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 67 (5th Cir. 2010) (illustrating when a wrongful death claim may satisfy the amount in controversy requirement).

For these reasons, this Court has subject-matter jurisdiction over this case.

---

fatal; the Court recognizes that sometimes it is only the removing party that can make the improper joinder argument.

*Motion to Dismiss*

That brings us to CRC Insurance Services' motion. It argues that dismissal is appropriate because (among other things) the driver alleged to have caused the wreck, a man named Larry Ickom, was not added to the insurance policy until four days after the accident. Docket No. 5-1 at 4. It says dismissal can accomplish its goals rather than summary judgment because the insurance policy is integral to the allegations of the complaint.

The plaintiff responds with a one-page "Certificate of Liability Insurance" showing that "any auto" of insured Robert Kincaid was covered. Docket No. 7-1.

The Court cannot rely upon the Certificate to establish coverage. The document says in bold, capitalized letters at the top that it's purely informational, doesn't constitute a contract, and doesn't amend the actual policy. *See, e.g.*, *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 340 n.1 (5th Cir. 2008). The policy controls.

The policy in the present record shows that Larry Ickom was not a covered driver at the time of the crash. Docket No. 5-1 at 4. CRC therefore has no obligation to cover damages arising out of an accident Mr. Ickom caused. It is dismissed from this action.

*Motion to Strike*

Lastly, Progressive asks the Court to strike the plaintiff's motion to remand because it lacked a memorandum brief. The motion is moot because the Court has denied remand on the merits.

For these reasons, the motion to remand is denied, the motion to dismiss is granted, and the motion to strike is moot. Within seven days, the parties shall contact the chambers of

the U.S. Magistrate Judge to schedule a telephonic case management conference.

**SO ORDERED**, this the 15th day of January, 2025.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
